## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES KENNETH WALLACE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4393** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "R"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.      Factual and Procedural Background

The plaintiffs, Charles Kenneth Wallace, Sr., Clarence Mays, John Strother, and Anthony Chism, are inmates housed in the David Wade Correctional Center. The plaintiffs submitted this *pro se* complaint under 42 U.S.C. § 1983 against the defendants, the State of Louisiana, the Louisiana State Bar Association, Judge Brady Fitzsimmons of the 22nd Judicial District Court of Louisiana, the American Bar Association, former District Attorney Walter Reed, the Louisiana Legislature, Assistant District Attorney Paul L. Katz, James H. Looney as a Public Defender and member of the Louisiana State Bar Association and the American Bar Association, and Louisiana Governor Bobby Jindal, alleging that the defendants conspired to deny citizens the presumption of innocence until proven guilty and the Louisiana Legislature failed to define human being in the homicide statutes. Initially, none of the plaintiffs submitted a filing fee or an application to proceed *in forma pauperis* with this complaint.

Charles Kenneth Wallace, Sr. replied to a notice sent to him by the clerk of court and filed an application to proceed *in forma pauperis*.[1]  The application has been separately denied by the undersigned magistrate judge under the "three strikes" provisions of 28 U.S.C. § 1915(g).[2]  The matter is addressed now only as to the plaintiffs Mays, Strother and Chism, who appeared for the first time in the corrected complaint submitted on September 30, 2015.[3]

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiffs are without counsel and each is responsible for the prosecution of this case.  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with

---

[1] Rec. Doc. Nos. 2, 4.  Wallace also submitted a corrected and supplemental complaint in which he added additional defendants and the additional three co-plaintiffs.  Rec. Doc. No. 3.

[2] Rec. Doc. No. 8.

[3] Rec. Doc. No. 3.

procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.  Analysis

As indicated above, this complaint initially was submitted without the filing fee or a request to proceed *in forma pauperis*. By separate notices dated September 30, 2015, the Clerk of Court notified Mays, Strother, and Chism that each was required to either pay the filing fee or complete a certified pauper application.[4] The Clerk of Court mailed the notices to each of the plaintiffs at the address provided on the complaint (Rec. Doc. No. 3). The envelopes have not been returned marked as undeliverable, and no response has been received from any of these plaintiffs.

The respective notices of deficiency were mailed to the plaintiffs Mays, Strother, and Chism, at the only address they provided to the Court. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. Neither Mays, Strother, nor Chism has notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed. In addition, none of these plaintiffs have provided the filing fee or pauper application required to prosecute this case. Accordingly, dismissal with prejudice of the complaint as to these plaintiffs is proper under Fed. R. Civ. P. 41(b) for their failure to prosecute.

### IV.  Recommendation

It is therefore **RECOMMENDED** that the § 1983 complaint as it relates to Mays, Strother, and Chism, against the defendants, the State of Louisiana, the Louisiana State Bar Association, Judge Brady Fitzsimmons of the 22nd Judicial District Court of Louisiana, the American Bar

---

[4] Rec. Doc. Nos. 5, 6, 7.

Association, former District Attorney Walter Reed, the Louisiana Legislature, Assistant District Attorney Paul L. Katz, James H. Looney as a Public Defender and member of the Louisiana State Bar Association and the American Bar Association, and Louisiana Governor Bobby Jindal, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's partial report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 20th day of November, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.